UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR GAINES                                        CIVIL ACTION

VERSUS

DARREL VANNOY ET AL.                     NO.: 17-00448-BAJ-RLB

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 9)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Petition for Writ of Habeas Corpus (Doc. 1)** filed by Petitioner Arthur Gaines.

In 2010, Petitioner was found guilty of second-degree murder and sentenced to life imprisonment. Petitioner now claims that he received ineffective assistance of counsel because his trial counsel failed to (1) move to suppress evidence obtained via an alleged invalid warrant; (2) move to suppress evidence obtained via a warrant obtained by way of an affidavit containing false, misleading, inaccurate, and omitted information; and (3) investigate, interview, and obtain a statement from witness Carl Bell. (Doc. 1 at pp. 5, 7-8). The Magistrate Judge recommends that the Petition be denied. (Doc. 9 at p. 15).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and

knowledge, the Court cannot conclude that that a judge would have invalidated the warrant, even if he believed Petitioner's allegations. Accordingly, Petitioner has not established that he was prejudiced by trial counsel's failure to challenge the warrant and is therefore not entitled to habeas relief on such grounds.

### B. Trial Counsel's Failure to Interview Carl Bell

Petitioner also challenges the Magistrate Judge's conclusion that Petitioner is not entitled to habeas relief based on trial counsel's failure to interview Bell. Petitioner provides Bell's affidavit, in which Bell denies making the statements Hagen attributed to him when he requested the warrant. (Doc. 1-3 at pp. 27-28). Petitioner asserts that had trial counsel interviewed Bell, he could have had the warrant invalidated. (Doc. 10 at p. 3).

Again, Petitioner has not met the prejudice prong of *Strickland*. To demonstrate prejudice based upon a failure to call a witness, an applicant must name the witness, demonstrate that the witness would have testified, and set out the contents of the witness' proposed testimony. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Petitioner has not demonstrated that Bell would have testified at a suppression hearing. Accordingly, Petitioner is not entitled to habeas relief based on trial counsel's failure to interview Bell.

3

## III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 9) is ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's **Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.**

**IT IS FURTHER ORDERED** that this proceeding is **DISMISSED**.

**IT IS FURTHER ORDERED** that in the event that Petitioner pursues an appeal in this case, a certificate of appealability is denied.

Baton Rouge, Louisiana, this 31ST day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA